UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---

LENNY ABREU,
                Plaintiff,

v.

THE CITY OF NEW YORK,
DET. DANIEL TORO, Shield No. 3664,
    Individually and in his Official Capacity,
P.O.s "JOHN DOE" #1-10 Individually
    and in their Official Capacities (the
    name John Doe being fictitious as the
    true names are presently unknown),
                Defendants.

No. 04-CV-1721 (JBW)

MEMORANDUM, ORDER
AND JUDGMENT

Appearances:

For Plaintiff:
    Jon L. Norinsberg
    New York, New York

For Defendants:
    Corporation Counsel for the City of New York
    Law Department
    New York, New York
    By:   Hillary A. Frommer

1



**Table of Contents**

I. Facts..........................................................................................................................3

    A. Robbery and Police Investigation......................................................................3

    B. Written Statement.............................................................................................5

    C. Oral Statement.................................................................................................6

    D. District Attorney Investigation and Prosecution.................................................7

II. Law and Application of Facts to Law.........................................................................7

    A. Summary Judgment..........................................................................................7

    B. Section 1983 Generally.....................................................................................8

    C. Municipal Liability...........................................................................................9

    D. Individual Liability and Qualified Immunity....................................................10

        1. Law....................................................................................................10

        2. Application of Law to Facts................................................................11

    E. Malicious Abuse of Process.............................................................................12

    F. Violation of Right to Fair Trial........................................................................13

        1. Plaintiff's Evidence.............................................................................13

            i. Grand Jury Testimony.............................................................14

            ii. Statement Notice....................................................................17

            iii. District Attorney's File...........................................................18

        2. Sufficiency of the Evidence.................................................................20

III. Conclusion................................................................................................................21

investigations of a robbery. There is no allegation of physical abuse. Plaintiff can produce no motive for the alleged fabrication. The victim identified plaintiff by name as his assailant and later identified him in both a photo array and a lineup. The grand jury properly returned an indictment. After a full and fair trial, plaintiff was acquitted on all charges. On the record before the court, the motion must be granted.

The allegation that an officer has fabricated evidence is serious. That plaintiff spent an extended period in jail for a crime of which he has been acquitted is troubling; it is not unusual. *See* Bureau of Justice Statistics, Compendium of Federal Justice Statistics 54 (2003) (average period of pretrial detention for robbery suspects who could not afford to make bond was 165.5 days). Bail is sometimes properly set high, or denied, for those who pose a serious risk of flight or threat to the community. Even modest bail may prevent many defendants from securing their release pending trial. *See* Vera Institute of Justice, Foreword, Bail Bond Supervision in Three Counties (1995) ("[P]ersonal wealth determined whether someone detained on a relatively low bail amount would be held in jail until their case ended or would be able to post bail and remain free."). Absent proof of official misconduct, lengthy pre-trial detention not deliberately caused by acts of a police officer does not provide a basis for relief under Section 1983.

## III. Conclusion

The motion for summary judgment by Detective Daniel Toro is granted. Claims against the City are withdrawn. Plaintiff has not pressed his claims against the unnamed officers; the

21

motion for summary judgment on all claims against them is granted.

The case is dismissed. Costs and fees are granted to Daniel Toro.

SO ORDERED.

Jack B. Weinstein

Dated: February 22, 2006
Brooklyn, New York

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.

★ FEB 28 2006 ★

BROOKLYN OFFICE

Judgment is hereby entered,

Dated: Brooklyn, New York
February 28, 2006

ROBERT C. HEINEMANN
CLERK OF COURT

22